**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 36183 & 36191**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2010 Opinion No. 80** |
| Plaintiff/Respondent/Cross-Appellant, | ) | |
| | ) | **Filed: December 8, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| MARK D. BEAVERS, | ) | |
| | ) | |
| Defendant/Appellant/Cross-Respondent. | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Charles W. Hosack, District Judge.

Judgment of conviction and sentences for trafficking in marijuana and possession of a controlled substance with intent to deliver, <u>affirmed</u>; judgment of conviction and sentences for trafficking in marijuana, possession of a controlled substance with intent to deliver, and delivery of a controlled substance, affirmed in part, vacated in part, and remanded.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

In these consolidated appeals, Mark D. Beavers appeals from his judgments of conviction and sentences. The state cross-appeals. For the reasons set forth below, we affirm in part, vacate in part, and remand for further proceedings.

**I.**

**FACTS AND PROCEDURE**

After receiving reports of a strong odor of marijuana emanating from Beavers' home, police obtained a search warrant. During the search of Beavers' home, police discovered forty-five growing marijuana plants, jars containing marijuana, and literature on growing marijuana.

1

Police also discovered scales, bags, and paraphernalia. Beavers was arrested and charged with trafficking in marijuana and possession of a controlled substance with the intent to deliver in Docket No. 36183.

While Beavers was out on bond on those charges, he was arrested for selling marijuana to an undercover police officer. Police again obtained a search warrant for his home and discovered growing marijuana plants, seeds, bags, scales, and jars containing marijuana. Beavers was charged with trafficking in marijuana, possession of a controlled substance with the intent to deliver, and delivery of a controlled substance in Docket No. 36191. The state also sought four sentencing enhancements based on Beavers' pending charges in Docket No. 36183.

Beavers was tried first for his charges in Docket No. 36183. During that trial, the district court allowed Beavers to present evidence to the jury on the common-law defense of necessity. Beavers argued that he had a medical condition that was alleviated by his use of marijuana. The district court allowed Beavers to testify about his symptoms, his lack of medical insurance, his financial situation, and how marijuana eased his pain and discomfort. However, at the conclusion of evidence, the district court determined that no reasonable view of the evidence supported the elements of the necessity defense. As such, the district court declined to instruct the jury on the necessity defense. After deliberation, the jury found Beavers guilty of trafficking in marijuana, I.C. § 37-3732B(a)(1)(B), and possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a)(1)(B).

During Beavers' second trial, Docket No. 36191, Beavers again asserted the common-law defense of necessity. The district court allowed Beavers to present an offer of proof on the issue of the necessity defense outside the presence of the jury. Beavers again testified about his medical condition. He also testified that he had recently visited a doctor and received medication for his illness, but stopped taking the medication because it was not as effective as marijuana. At the conclusion of Beavers' offer of proof, the district court declined to allow Beavers to present evidence on the necessity defense to the jury because he had failed to present evidence supporting the elements of the defense. Further, the district court declined to instruct the jury on the necessity defense. After deliberation, the jury found Beavers guilty of trafficking in marijuana, I.C. § 37-2732B(a)(1)(A); possession of a controlled substance with the intent to deliver, I.C. § 37-2732(a)(1)(B); and delivery of a controlled substance, I.C. § 37-2732(a)(1)(B).

2

At the conclusion of his second trial, Beavers waived his right to a jury trial on the sentencing enhancements and admitted that he had previous drug trafficking convictions from his first case. At that time, the state withdrew one of the sentencing enhancements.

Beavers was sentenced for all five convictions in a joint sentencing hearing. In Docket No. 36183, Beavers was sentenced to a unified term of six years, with a minimum period of confinement of three years, and a $10,000 fine for trafficking in marijuana and a concurrent unified term of five years, with a minimum period of confinement of one year, for possession of a controlled substance with the intent to deliver.

In Docket No. 36191, the district court applied a sentencing enhancement and sentenced Beavers to a unified term of twelve years, with a minimum period of confinement of two years, and a $5,000 fine for trafficking in marijuana. The district court sentenced Beavers to a unified term of five years, with a minimum period of confinement of two years, for possession of a controlled substance with the intent to deliver. Finally, the district court declined to apply a separate sentencing enhancement and sentenced Beavers to a unified term of five years, with a minimum period of confinement of two years, for delivery of a controlled substance. The district court ordered that the sentences in Docket No. 36191 be served concurrently with one another and the sentences in Docket No. 36183. Beavers appeals, and the state cross-appeals.

## II.

## ANALYSIS

Beavers argues that the district court erred during both of his trials when it declined to instruct on the common-law defense of necessity and when it refused to allow Beavers to present evidence of the necessity defense to the jury in his second trial. In addition, Beavers argues that the district court erred by determining that the convictions from his first trial could be used to enhance the sentences following his second trial. Finally, on cross-appeal, the state asserts that the district court erred at sentencing when it essentially withdrew Beavers' admission of a prior conviction for sentence enhancement purposes in Docket No. 36191 without then allowing the state an opportunity to prove the prior conviction.

### A. Necessity Defense

Beavers asserts that the district court erred when it declined, in both of his trials, to instruct the jury on the common-law necessity defense. The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*,

147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993). There is no entitlement to a jury instruction on a legal theory of defense when no reasonable view of the evidence supports the elements of the instruction. *See State v. Howley,* 128 Idaho 874, 879, 920 P.2d 391, 396 (1996).

The common-law necessity defense is recognized in Idaho. *See State v. Chisholm,* 126 Idaho 319, 321, 882 P.2d 974, 976 (Ct. App. 1994). The necessity defense is based on the premise that "a person who is compelled to commit an illegal act in order to prevent a greater harm should not be punished for that act." *State v. Hastings*, 118 Idaho 854, 855, 801 P.2d 563, 564 (1990). The elements of the defense are: (1) a specific threat of immediate harm; (2) the circumstances which necessitate the illegal act must not have been brought about by the defendant; (3) the same objective could not have been accomplished by a less offensive alternative available to the actor; and (4) the harm caused was not disproportionate to the harm avoided. *State v. Kopsa*, 126 Idaho 512, 520, 887 P.2d 57, 65 (Ct. App. 1994); *see also* I.C.J.I. 1512. The jury instruction for the necessity defense provides that "the state must prove beyond a reasonable doubt that the defendant did not act because of necessity." I.C.J.I. 1512.

Beavers argues that the common-law necessity defense in Idaho is applicable to offenses involving marijuana. Relying in part on this Court's decision in *State v. Tadlock*, 136 Idaho 413, 34 P.3d 1096 (Ct. App. 2001), the state responds that, as a matter of law, the common-law necessity defense does not apply to the crimes of trafficking and possession of a controlled substance with intent to deliver.

In *Tadlock*, this Court, relying on *Hastings*, held that, when a defendant is charged with possession with intent to deliver, a jury may be instructed on a necessity defense only as it relates to the lesser included charge of simple possession. *Tadlock*, 136 Idaho at 415, 34 P.3d at 1098. This Court also determined that any error by the district court for failing to instruct on this defense to the lesser included offense of simple possession was harmless when the jury found Tadlock guilty of the greater charge of possession with the intent to deliver. *Id*.

While *Tadlock* stands for the proposition that a defendant's medical need cannot justify the sale or possession of a substance with the intent to deliver it to others, this Court has not addressed whether the common-law necessity defense applies to the crime of trafficking.

4

Similarly, the district court in each of Beavers' trials did not determine whether such a defense applies to trafficking. Rather, the district court determined that Beavers failed to present evidence to support the elements of the necessity defense and, as such, declined to instruct the jury on that defense. Therefore, we begin by addressing whether that determination in each case was in error.

### 1. Refusal to instruct during Beavers' first trial

In Beavers' first trial, the district court allowed Beavers to present evidence of his medical condition and marijuana use to the jury. However, at the conclusion of the presentation of evidence, the district court declined to instruct the jury on the common-law necessity defense. The district court determined that, with respect to the trafficking charge, the amount of marijuana involved in the case was not, under any objective standard, necessary to treat Beavers' condition. The district court also found that Beavers failed to present evidence to demonstrate that there was a specific threat of immediate harm and that there were no legal, alternative means to treat Beavers' medical condition.

Beavers argues that he met his burden of production on the four elements of the necessity defense. Specifically, Beavers contends that he offered extensive evidence concerning his health problems, which constituted a threat of immediate harm that he did not bring about on his own. Further, Beavers argues that, because he did not have medical insurance, he could not have satisfactorily treated his health problems through an alternative method such as conventional medicine. Finally, Beavers asserts that, because marijuana use is a "victimless" crime, the harm caused by his possession of marijuana was not disproportionate to the pain and suffering experienced by Beavers due to his illness.

At trial, on direct examination, Beavers testified that he experienced gastrointestinal problems that rendered him unable to work and unable to afford medical insurance. He also testified that, without a job and medical insurance, he assumed that doctors would turn him away. In addition, Beavers testified that he did not trust the Food and Drug Administration or pharmaceutical companies and preferred to treat his health problems in a more holistic or natural way. As a result, Beavers stated that he began to exercise and eat healthier foods but still was unable to cure his symptoms. He also testified that the medical books he read strongly recommended that any person with such symptoms should contact a doctor immediately.

5

However, Beavers testified he did not have the money to see a doctor and instead used marijuana to successfully treat his symptoms.

During cross-examination in his first trial, the following exchange occurred:

| [Prosecutor]: | And from '97 through August 2006 you couldn't go to a doctor; isn't that what you said just a little bit ago? |
|---|---|
| [Beavers]: | I didn't go to a doctor. |
| [Prosecutor]: | So, could you go to a doctor? |
| [Beavers]: | Initially, I would have to say no, I couldn't. |
| [Prosecutor]: | And you indicated earlier that was because you didn't have money? |
| [Beavers]: | That's right. |
| [Prosecutor]: | You indicated -- so in terms of not going to a doctor, that means you didn't go to the emergency room? |
| [Beavers]: | No, I did not. |
| [Prosecutor]: | You didn't go to a free clinic? |
| [Beavers]: | No, I did not. |
| [Prosecutor]: | You didn't seek out disability-type payments? |
| [Beavers]: | No, I did not. |
| [Prosecutor]: | You didn't seek out a doctor that might give you a sliding scale fee? |
| [Beavers]: | No, I didn't. |

Beavers' argument that he was unable to afford a legal alternative method to treat his symptoms is not supported by the record. Beavers' testimony demonstrated that he had sufficient income to purchase a home, real estate, vehicles, and boats. Further, even if Beavers was able to establish that his income left him unable to afford conventional medical treatment, he testified that he did not attempt to utilize any low-cost or free medical resources available to indigent patients. As such, Beavers has failed to show that a reasonable view of the testimony met the third element of the common-law necessity defense--that the treatment of his symptoms could not have been accomplished by a legal or less offensive alternative such as conventional medicine. Therefore, the district court did not err by declining to instruct the jury in Beavers' first trial on the common-law defense of necessity.

**2.      Refusal to Instruct and Presentation of Evidence in Beavers' Second Trial**

Beavers also asserts that the district court erred, during his second trial, by refusing to allow Beavers to present evidence to the jury involving the necessity defense. The district court allowed Beavers to present an offer of proof outside the presence of the jury to demonstrate that

he could meet the elements of the necessity defense. At the conclusion of the offer of proof, the district court determined that Beavers failed to show that he lacked adequate legal medical alternatives to marijuana or that he was subject to a specific threat of immediate harm. Specifically, the district court found that Beavers had not presented evidence to demonstrate that he reasonably pursued medical attention prior to turning to marijuana. Further, the district court determined that the amount of marijuana at Beavers' home was not reasonable for personal use to treat a medical condition.

During his offer of proof, Beavers testified that he had over thirty marijuana plants in his home and that he was utilizing those plants to alleviate his gastrointestinal problems. Beavers also testified that, after his arrest in his first case, he began to visit doctors and obtained prescription medication to treat his high blood pressure and irritable bowel syndrome (IBS). Beavers stated that he visited a doctor who allowed a sliding scale payment plan, requiring approximately $15 per visit. Beavers further testified that his high blood pressure and IBS made it difficult for him to complete daily activities, but that the medication provided by his doctor helped alleviate his symptoms. However, Beavers asserted that he stopped using the prescription medications when he developed a side effect to the IBS medication. In addition, Beavers testified that he could no longer afford to pay to see a doctor and turned again to marijuana to treat his symptoms.

Again, Beavers' argument is unsupported by the record. Beavers admitted that the prescription medication provided by physicians alleviated his high blood pressure. Beavers testified that he developed a serious side effect to the IBS medication, but stopped taking both medications because he could not afford to see another doctor and preferred to use marijuana. However, during his offer of proof, Beavers did not present any evidence regarding his income or the price of his medications in order to demonstrate how he was unable to pay for a $15 doctor visit in order to continue to treat his symptoms. In addition, Beavers failed to demonstrate, either through expert testimony or other credible medical evidence, that marijuana is a medically-effective treatment for his health issues. As such, Beavers has failed to show that a reasonable view of his testimony met the prima facie element that the treatment of his symptoms could not have been accomplished by a legal or less offensive alternative. Therefore, the district court did not err when it declined to allow Beavers to present evidence to the jury on the necessity defense.

Likewise, the district court did not err when it refused to instruct the jury in Beavers' second trial on the common-law defense of necessity.

## C.  Sentencing Enhancements

In Beavers' second case, the state initially pled four sentencing enhancements under I.C. §§ 19-2514, 37-2732B(a)(7), 37-2739, and 37-2739A.  At the conclusion of the second trial, the state withdrew the enhancement under I.C. § 19-2514.  At the joint sentencing hearing, the district court declined, within its discretion, to apply I.C. § 37-2739.  The district court also declined to apply I.C. § 37-2739A because it found that Beavers had not knowingly waived his right to a jury trial on that particular sentencing enhancement at trial.[1]  Therefore, the district court only applied the sentencing enhancement under I.C. § 37-2732B(a)(7), which states:

> A second conviction for any trafficking offense as defined in subsection (a) of this section shall result in a mandatory minimum fixed term that is twice that otherwise required under this section.

In his first case, a jury found Beavers guilty of trafficking in marijuana under I.C. § 37-2732B(a)(1)(B).  Four months later, in his second case, the jury found Beavers guilty of trafficking in marijuana under I.C. § 37-2732(a)(1)(A), which carries a penalty of imprisonment of at least one year and a fine of not less than $5,000.  At the joint sentencing hearing, the district court determined that the guilty verdicts in Beavers' first case were prior convictions for purposes of the sentencing enhancements in the second case.  Therefore, having held that Beavers' conviction for trafficking in marijuana in the second case constituted a second conviction under I.C. § 37-2732B(a)(7), the court sentenced Beavers to twice the mandatory sentence--imprisonment of two years and a $5,000 fine.

Beavers argues that the district court erred by concluding that the sentences in his second case could be enhanced by the convictions in his first case.  Specifically, Beavers asserts that, because he had not yet been convicted in the first case when he committed the crimes charged in his second case, the purpose of the sentencing enhancements was defeated.  Beavers claims that the purpose behind the sentencing enhancements is to prevent recidivism and argues that such a purpose is defeated when a defendant is not allowed time after a first conviction to reform his or

---

[1]  The state's cross-appeal of the district court's decision not to apply the sentencing enhancement under I.C. § 37-2739A will be addressed by this Court in the next section.

her behavior.[2]  In support of this argument, Beavers relies on a number of cases from other jurisdictions.  However, we look first to the language of the sentencing enhancement statute in order to determine whether the district court's interpretation was in error.

This Court exercises free review over the application and construction of statutes.  *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).   Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction.  *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000).  The language of the statute is to be given its plain, obvious, and rational meaning.  *Burnight*, 132 Idaho at 659, 978 P.2d at 219.   If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation.  *Escobar*, 134 Idaho at 389, 3 P.3d at 67.   When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent.  *Rhode*, 133 Idaho at 462, 988 P.2d at 688.  To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history.  *Id.*  It is incumbent upon a court to give a statute an interpretation which will not render it a nullity.  *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001).   Constructions of a statute that would lead to an absurd result are disfavored.  *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

As noted above, the plain language of I.C. § 37-2732B(a)(7) states that a second *conviction* for a trafficking offense requires the court to apply a sentencing enhancement.  The term "conviction" means the establishment of guilt, either by a guilty plea or by a guilty verdict following a trial.  *State v. Sharp*, 145 Idaho 403, 404, 179 P.3d 1059, 1060 (2008).   Such an establishment of guilt occurs prior to punishment and is separate from the issuance of a judgment of conviction.  *Id*.  The plain language of I.C. § 37-2732B(a)(7) clearly demonstrates that, if it is established at the time of sentencing that the conviction for which the defendant is being

---

[2]     Beavers asserts that Idaho's persistent violator statute, I.C. § 19-2514, is also designed to punish recidivism and therefore, I.C. § 37-2732B(a)(7) as a sentencing enhancement ought to be similarly viewed.  This argument is problematic where the language used in the two statutes differs.

sentenced is the second trafficking conviction for the defendant, the sentencing court shall apply a mandatory minimum fixed term that is twice what is otherwise required. The plain language does not require that the arrest for the second trafficking offense occur after a defendant's first trafficking conviction. Therefore, I.C. § 37-2732B(a)(7) is not ambiguous and it is unnecessary for this Court to engage in statutory construction or look to the purpose behind the statute.

In this case, Beavers' trial in his first trafficking case was continued a number of times to accommodate expert witnesses.[3] During that time, Beavers was out on bond and resumed growing large amounts of marijuana in his home. Fifteen months after his initial arrest for trafficking in marijuana, Beavers was again arrested and charged with trafficking. Due to the numerous continuances granted in Beavers' first trial, Beavers' first and second trials occurred just months apart. After his conviction for trafficking in Docket No. 36183, Beavers was again convicted of trafficking in his second trial. At the time of sentencing in Docket No. 36191, the trafficking conviction for which Beavers was being sentenced was his second trafficking conviction. Therefore, the district court did not err by applying the sentencing enhancement of I.C. § 37-2732B(a)(7).

**D.      Cross-Appeal**

At the conclusion of his second trial, Beavers admitted that he had previous convictions for trafficking in marijuana and possession of a controlled substance with the intent to deliver. Beavers' admission resulted in the waiver of his right to have a jury decide whether his prior convictions had occurred for purposes of the sentencing enhancements. Beavers reserved his right to present argument prior to sentencing on the legal question of whether such prior convictions were legally sufficient to enhance his sentences in the second case. As mentioned above, the district court at sentencing correctly determined that the convictions from Beavers' first case could be used to enhance Beavers' sentences in his second case. However, the district court refused to apply the sentencing enhancement to Beavers' delivery of a controlled substance conviction. The district court gave two reasons for its decision. First, the district court declined to impose the enhancement because it sua sponte concluded that Beavers' admission to the prior convictions was not knowingly and voluntarily given because Beavers had not been informed of

---

[3]      Expert witnesses did not testify at either of Beavers' trials.

10

the maximum sentence that could be imposed as a consequence of his admission.[4]  Second, the district court determined that the goals of sentencing were met without applying the enhancement.

On appeal, the state does not dispute the district court's determination that Beavers' admission was not voluntary.  However, the state argues that the remedy for such an involuntary admission is a jury trial on the question of whether Beavers had a previous trafficking conviction and requests that this case be remanded to the district court for such a trial.  The state asserts that if, upon remand a jury determines that the prior convictions occurred, the district court does not have discretion to refuse to apply the enhancement statute, even if it determines that the goals of sentencing are met without the enhancement.

### 1. Admission to prior convictions

In his second case, Beavers was found guilty of delivery of a controlled substance with the intent to deliver under I.C. § 37-2732(a), which carries a maximum penalty of imprisonment of not more than five years and not more than $25,000 or both.  The state requested a sentencing enhancement under I.C. § 37-2739A, which provides:

> Any person who is convicted of violating the felony provisions of section 37-2732(a), Idaho Code, by distributing controlled substances to another person, who is not subject to a fixed minimum term under section 37-2739B, Idaho Code, and who has previously been convicted within the past ten (10) years in a court of the United States, any state or a political subdivision of one or more felony offenses of dealing, selling or trafficking in controlled substances on an occasion or occasions different from the felony violation of section 37-2732(a), Idaho Code, and which offense or offenses were punishable in such court by imprisonment in excess of one (1) year, *shall* be sentenced to the custody of the state board of correction for a mandatory minimum period of time of not less than three (3) years or for such greater period as the court may impose up to a maximum of life imprisonment. The mandatory minimum period of three (3) years incarceration shall not be reduced and shall run consecutively to any other sentence imposed by the court.

(Emphasis added).

---

[4]     The same district judge presided over Beavers' first trial and his sentencing hearing. However, a different district court judge presided over Beavers' second trial and his waiver of a jury trial on the sentencing enhancements.

At the joint sentencing hearing, the district court concluded that the sentencing enhancement under I.C. § 37-2739A would not apply to Beavers' delivery of a controlled substance conviction in Docket No. 36191, holding:

> [T]here's nothing in the record that the Court can find that at the time of the waiver of the jury trial, with regard to Mr. Beavers' right to the jury trial on those enhancements, that there was a clear understanding of Mr. Beavers as to the full consequences of the consecutive life term fixed imprisonment that was suddenly available under 37-2739A. . . .

For delivery of a controlled substance, the district court sentenced Beavers to a unified term of five years, with a minimum period of confinement of two years. In addition, the district court ordered that this sentence be served concurrently with all of his other sentences.

The state's proof of a defendant's prior convictions is to be presented to the jury after the jury has returned a verdict finding the defendant guilty of the new charges. *State v. Smith*, 116 Idaho 553, 559, 777 P.2d 1226, 1232 (Ct. App. 1998). In *State v. Cheatham*, 139 Idaho 413, 418, 80 P.3d 349, 354 (Ct. App. 2003), we held that due process requires that admissions to persistent violator allegations must be made voluntarily and with an understanding of the consequences. This Court analogized a persistent violator admission to a guilty plea and determined that, similar to a guilty plea, the detriment of an admission of a previous conviction is significant because it increases the penalty to be imposed at sentencing. *Id*. While *Cheatham* involved the persistent violator statute under I.C. § 19-2514, the same reasoning applies to Beavers' admissions to prior convictions under I.C. § 37-2739A in this case. In *Cheatham*, after determining that defense counsel's stipulation to an admission of a prior conviction rendered the admission involuntary, this Court vacated the defendant's sentence, remanded the case for a trial on the persistent violator allegation, and ordered resentencing on that persistent violator charge if necessary. *Cheatham*, 139 Idaho at 418-19, 80 P.3d at 354-55.

As mentioned above, the state in this case does not dispute the district court's determination that Beavers' admission to the prior convictions was involuntary. However, the state argues that the district court's refusal to apply the sentencing enhancement, due to the involuntary admission, effectively dismissed the enhancement. The state contends that the proper remedy for an involuntary admission is to return the parties to the status quo prior to the admission and allow a jury trial on the question of whether Beavers had previous convictions for purposes of the enhancement pursuant to I.C. § 37-2739A. Based on this Court's reasoning in

12

*Cheatham*, we agree. Accordingly, we vacate Beavers' sentence for delivery of a controlled substance in Docket No. 36191 and remand for a jury trial on the allegations of his prior convictions and for resentencing.

### 2. Applicability of I.C. § 37-2739A on remand

Finally, we must address the applicability of the sentencing enhancement statute to Beavers' delivery conviction in the event the jury determines that Beavers had previously been convicted of a trafficking offense. As mentioned above, where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *Rhode*, 133 Idaho at 462, 988 P.2d at 688; *Burnight*, 132 Idaho at 659, 978 P.2d at 219; *Escobar*, 134 Idaho at 389, 3 P.3d at 67. The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. Constructions of a statute that would lead to an absurd result are disfavored. *Doe*, 140 Idaho at 275, 92 P.3d at 525; *Yager*, 139 Idaho at 690, 85 P.3d at 666.

The plain meaning of I.C. § 37-2739A is that, if a defendant has previously been convicted of a trafficking crime with a punishment in excess of one year, the court *shall* sentence the defendant to at least three years in prison on the delivery conviction. In addition, the statute expressly states that the sentence *shall* run consecutively to any other sentence imposed by the court. *See State v. Way*, 117 Idaho 594, 597, 790 P.2d 375, 378 (Ct. App. 1990) (concluding that I.C. § 37-2739A requires a minimum period of confinement of three years to run consecutively to any other sentence imposed at the same time by the court for a violation of the crime of delivery of a controlled substance). If, upon remand, a jury determines that Beavers had previously been convicted of a trafficking offense within the last ten years, the district court shall impose a sentence of at least three years, which shall run consecutively to the other sentences imposed by the district court in Docket No. 36191.

### III.

### CONCLUSION

The district court did not err in declining to instruct the jury on the affirmative defense of necessity or by prohibiting Beavers from presenting evidence on the necessity defense to the jury in his second trial. In addition, the district court did not err by determining that Beavers'

convictions from his first trial enhanced the sentences following his second trial. Accordingly, the district court did not err by applying the enhancement to Beavers' sentence for trafficking in marijuana in his second case. However, the district court erred, after determining that Beavers' admission to the delivery enhancement was involuntary, by failing to order a jury trial on the state's allegations of Beavers' prior convictions.

Therefore, Beavers' judgment of conviction and sentences for trafficking in marijuana and possession of a controlled substance with intent to deliver in Docket No. 36183 are affirmed. In Docket No. 36191, Beavers' judgment of conviction for trafficking in marijuana, possession of a controlled substance with intent to deliver, and delivery of a controlled substance are affirmed. Beavers' sentences for those charges are vacated and remanded for further proceedings consistent with this opinion.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**