**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45245**

| | |
|---|---|
| MARK D. BEAVERS, | ) |
| | ) **Filed: December 18, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Jay P. Gaskill, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed in part</u>, <u>vacated in part</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Mark D. Beavers appeals from the judgment dismissing his petition for post-conviction relief. Beavers contends the district court: (1) abused its discretion in denying his motion to amend his petition; (2) erred in summarily dismissing one of his claims without prior notice of the basis for dismissal; and (3) erred in denying relief on one of his claims following an evidentiary hearing. For the reasons set forth below, we affirm the judgment in part, vacate in part, and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Beavers guilty of trafficking in marijuana, possession of a controlled substance with intent to deliver, and delivery of a controlled substance. Beavers appealed and

1

this Court affirmed. *See State v. Beavers*, 152 Idaho 180, 182, 268 P.3d 1, 3 (2010). Beavers subsequently filed a petition for post-conviction relief, alleging numerous ineffective assistance of counsel claims, one claim that the prosecutor withheld favorable information, and three claims of trial court error. Also, more than two years later, Beavers filed a motion to amend his petition, which was denied. The district court summarily dismissed all of Beavers' claims except one ineffective assistance of counsel claim, which the court denied after an evidentiary hearing. Beavers appeals.

## II.

## STANDARD OF REVIEW

The denial of a post-conviction petitioner's motion to amend the petition is reviewed for an abuse of discretion. *Windom v. State*, 162 Idaho 417, 421, 398 P.3d 150, 154 (2017). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free

review of the district court's application of the relevant law to the facts.  *Baxter v. State*, 149 Idaho 859, 862, 243 P.3d 675, 678 (Ct. App. 2010).

## III.

## ANALYSIS

### A.  Motion to Amend

Beavers contends that the district court erred in denying his motion to amend his petition to include six claims of ineffective assistance of counsel based on counsel's failure to file a "*Brady* motion."[1]  Specifically, Beavers argues that the district court abused its discretion in denying the motion based on prejudice to the State because the State failed to articulate any prejudice and because the district court did not explain how the State would be prejudiced.  The State responds that the district court acted within the bounds of its discretion in denying Beavers' motion to amend on the basis of prejudice to the State, which prejudice may be inferred from the district court's decision.  Alternatively, the State asserts this Court can affirm the denial of Beavers' motion to amend because the proposed amendment was barred by the statute of limitation.  We hold that the district court did not abuse its discretion in denying Beavers' motion to amend his petition more than two years after the petition was first filed.

Post-conviction proceedings are civil in nature and are governed by the Idaho Rules of Civil Procedure.  *McKinney v. State*, 133 Idaho 695, 699-700, 992 P.2d 144, 148-49 (1999).  Pursuant to I.R.C.P. 15(a), once a responsive pleading has been filed, a party may amend a pleading only by leave of court or by written consent of the adverse party.  Whether to grant leave to amend a pleading is a matter that is within the discretion of the trial court and is subject to reversal on appeal only for an abuse of that discretion.  *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991).  Reasons for which leave to amend may be denied include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.  *McCann v. McCann*, 138 Idaho 228, 237, 61 P.3d 585, 594 (2002); *Smith v. Great Basin Grain Co.*, 98 Idaho 266, 272, 561 P.2d 1299, 1305 (1977).

---

[1]     *See Brady v. Maryland*, 373 U.S. 83 (1963).

3

Beavers filed his initial post-conviction petition on April 5, 2012. He filed his motion to amend on September 8, 2014. Thus, Beavers' motion to amend was filed nearly two and one-half years after he filed his petition. By the time Beavers sought leave to amend, the State had already filed three motions for summary dismissal, and the State's request for summary dismissal was set for hearing.[2] The district court denied Beavers' motion to amend because the State's motion for summary dismissal was set for hearing on November 19, 2014, and the motion had been pending for a "significant period of time, and ha[d] been rescheduled more than once." The district court found the State would be "unduly prejudiced" if Beavers' motion to amend were granted "due to the late nature of the request and the short timeframe before argument is scheduled."

In denying Beavers' motion to amend, the district court expressly cited the applicable legal standards, including the discretionary standard of review. Thus, the record demonstrates that the district court understood the applicable legal standards and correctly perceived the issue as one of discretion. However, Beavers contends the district court did not act consistently with the applicable legal standards because "the district court's references to the timing of the motion to amend do not explain why the State would be unduly prejudiced if leave to amend were granted." The absence of an express explanation of how the timing of Beavers' motion to amend prejudiced the State does not demonstrate a failure to act consistently with the applicable legal standards. Undue delay and prejudice are appropriate reasons to deny a motion to amend. *See McCann*, 138 Idaho at 237, 91 P.3d at 594; *Smith*, 98 Idaho at 272, 561 P.2d at 1305. It was within the district court's discretion to conclude that amendments to Beavers' petition filed more than two years after the original petition, after several responsive pleadings, and within a short

---

[2]     The State objected to Beavers' motion to amend based on the length of time that had elapsed between Beavers' initial petition and his request to amend, the overlap between the claims in the proposed amendment and the claims in the original petition, and an argument that the issues raised in the motion to amend had been litigated in the underlying proceedings. However, the State's objection was never filed in this case, presumably because the caption included the incorrect case number. The objection is only in the record because Beavers attached it to a motion he filed after the district court denied his motion to amend. Because the objection was never filed in this case, the district court did not consider it, although it did consider Beavers' reply to the objection.

4

time of a potentially dispositive hearing would prejudice the State in its efforts to resolve the case.[3] Beavers has failed to show the district court abused its discretion in denying his motion to amend.

## B.       Summary Dismissal--Claim 7(z1)

Beavers contends that the district court erred in summarily dismissing one of his claims without providing notice of the reasons for dismissal as required by I.C. § 19-4906. The claim at issue was designated Claim 7(z1) and alleged: "the prosecutor withheld information favorable to" Beavers.[4] The State responds that, although the district court did not give notice of its intent to dismiss Claim 7(z1), the State's motion for summary dismissal of one of Beavers' ineffective assistance of counsel claims was adequate notice of the ground for dismissing Claim 7(z1). Because none of the State's motions for summary dismissal addressed Claim 7(z1) and because Beavers is entitled to receive notice of the grounds for dismissal, summary dismissal of that claim is reversed.[5]

Pursuant to I.C. § 19-4906(b), the district court may sua sponte dismiss a petitioner's post-conviction claim if the court provides the petitioner with notice of its intent to do so, the ground or grounds upon which the claim is to be dismissed, and twenty days for the petitioner to

---

[3]       Because we conclude that the district court did not abuse its discretion in denying the motion based on the timing of the motion and prejudice to the State, we need not consider the State's alternative argument that the motion to amend could be denied on the basis that the proposed amendment was barred by the statute of limitation. However, we note that the statute of limitation was not raised to or decided by the district court. *See Taylor v. Riley*, 162 Idaho 692, 706-07, 403 P.3d 636, 650-51 (2017) (noting appellate court review is limited to the evidence, theories, and arguments presented to the trial court).

[4]       Beavers did not identify what information the prosecutor allegedly withheld.

[5]       Although the State did not address Claim 7(z1) in its motions for summary dismissal, Beavers discussed the claim in response to the State's motions. In his response, Beavers argued that the allegation was "expressed alternatively in other claims" as ineffective assistance of counsel for failing to investigate and argued that it is "not clear from the record how much information was actually disclosed by the prosecutor in response to requests for discovery, given that evidentiary documents are missing from the case file." In conjunction with this argument, Beavers cited his motion to amend to include claims that counsel was ineffective for failing to file a "*Brady* motion," which was denied. We recognize that neither Beavers' petition nor his response to the State's motions for summary dismissal identify any information that was withheld, but I.C. § 19-4906's notice requirement entitled Beavers to notice of the defects in Claim 7(z1) prior to dismissal.

respond. Under I.C. § 19-4906(c), the district court may also dismiss a petitioner's post-conviction claims on the State's motion. If the State files and serves a properly supported motion to dismiss, further notice from the court is ordinarily unnecessary. *Martinez v. State*, 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). The reason that subsection (b), but not subsection (c), requires a twenty-day notice by the court of intent to dismiss is that, under subsection (c), the motion itself serves as notice that summary dismissal is being sought. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). Failure to provide notice requires that a judgment denying a petition for post-conviction relief be vacated. *Mallory v. State*, 159 Idaho 715, 721, 366 P.3d 637, 643 (Ct. App. 2015).

The State filed three motions for summary dismissal in this case, none of which addressed the allegation in Claim 7(z1). In its summary dismissal order, the district court indicated it was dismissing all of Beavers' claims with the exception of Beavers' claim that counsel was ineffective for failing to present an expert witness. In its discussion of the remaining claims, the district court did not separately identify or discuss Claim 7(z1). However, the district court did specifically reference Claims 9(z), 7(z2), 7(z3), and 7(z4) and stated in a footnote that Beavers "provided no evidence supporting his allegation that the prosecutor withheld evidence favorable to [Beavers]." Thus, although Claim 7(z1) was encompassed in the district court's summary dismissal order, the absence of any reference to it in the State's motions for summary dismissal means the claim was dismissed without notice of the grounds for dismissal. The dismissal of Claim 7(z1) must, therefore, be vacated.

## C. Ineffective Assistance of Counsel for Failure to Call Expert--Claim 9(f)

Beavers contends that the district court erred in denying relief on Claim 9(f), which alleged trial counsel was ineffective for failing to call an expert witness to testify regarding the probability that the investigating detective smelled marijuana as claimed by the detective when he applied for a warrant to search Beavers' property. The State responds that the district court correctly denied this claim because Beavers failed to prove, by a preponderance of the evidence, that trial counsel was ineffective for failing to call such an expert. We hold that Beavers has failed to meet his burden of showing error in the denial of Claim 9(f).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. To prevail on an ineffective assistance of

6

counsel claim, the petitioner must prove, by a preponderance of the evidence, that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Under the *Strickland* standard, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Murray v. State*, 156 Idaho 159, 164, 321 P.3d 709, 714 (2014). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). In short, trial counsel will not be second-guessed in the particularities of trial preparation. *Gee v. State*, 117 Idaho 107, 111, 785 P.2d 671, 675 (Ct. App. 1990). The *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The claim litigated at the post-conviction evidentiary hearing was based on Beavers' allegation that counsel was ineffective for failing to present expert testimony at a pretrial hearing held pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). At the *Franks* hearing, Beavers contended the investigating detective obtained a search warrant based on factual assertions that were false or made with reckless disregard for the truth. These assertions included information regarding the odor of marijuana emanating from Beavers' property. Two witnesses testified at the *Franks* hearing--the investigating detective and a forensic scientist. Both witnesses were presented by the State. At the conclusion of the *Franks* hearing, the district court concluded that Beavers failed to meet his burden of showing that, when applying for the search warrant, the detective falsely represented smelling the odor of marijuana.

7

At the post-conviction evidentiary hearing, Beavers presented testimony from three witnesses--himself, John Elliott Briggs, and Christopher Conrad. The district court made the following factual findings relative to the testimony of these three witnesses. Beavers testified that: (1) photographs taken the day of his arrest showed marijuana plants that were not flowering and, therefore, did not emit a sufficiently distinct odor; (2) the greenhouses in which the marijuana was located were equipped with filters and fans that would have prevented any detection of the odor of marijuana; (3) he told his first attorney[6] to hire an expert in identifying the smell of marijuana; (4) Beavers' first attorney contacted one expert who was too expensive, then contacted Briggs who was ultimately not retained; (5) Beavers fired his first attorney and hired a second attorney and told him to retain Chris Conrad, who Beavers believed to be the leading expert on identifying the smell of marijuana; and 6) Beavers' second attorney advised that an expert was not needed at the *Franks* hearing because the attorney could rely on cross-examination of the State's expert.

Briggs, a consultant in forensic toxicology, testified that the investigator for Beavers' first attorney contacted him and asked him to review the marijuana evidence. Briggs reviewed the evidence and reported that the first bag of marijuana he observed had a characteristic marijuana odor and had multiple, recognizable marijuana buds. Briggs testified that the evidence smelled like marijuana and that the odor was sufficiently strong that his wife required him to change his clothes in the garage when he returned home. Briggs further testified that he never received an affidavit from Beavers' first attorney and that he was not an expert in the odor of marijuana.

Conrad, a consultant from California who has testified about marijuana and has been an expert on marijuana cultivation, testified that he believed an expert would have been helpful to discredit the detective's testimony. The district court described the content of Conrad's testimony as follows:

> Conrad explained that young plants have less odor and that the odor of marijuana is stronger if plants are flowering. He testified if he had been hired he would have gone to the house and inspected both the greenhouse and the home. Such inspection would have allowed for him to testify with respect to the filtration system and whether odor was ascertainable if standing at neighboring property.

---

[6] Three different attorneys represented Beavers throughout the underlying criminal proceedings.

He testified the odor of marijuana plants is dependent upon the strain of the marijuana and he did not know what strain the plants in question were.

The State presented five witnesses at the post-conviction evidentiary hearing. The district court made the following factual findings regarding the State's witnesses. The first witness was Beavers' neighbor at the time of his arrest. She testified that her home shared a boundary with Beavers' home, she was familiar with the odor of marijuana, Beavers' backyard "smelled like a skunk" and got worse over time, and the odor was present the day the detective came to her home to investigate.

The second State's witness was Beavers' second trial attorney who represented Beavers at the *Franks* hearing. Beavers' second trial attorney was experienced in cases involving growing, selling, and possessing marijuana, having handled "hundreds" of such cases during his career. The attorney's strategy at the *Franks* hearing was to establish the detective presented false testimony regarding Beavers' utility records because the utility records and the evidence of odor were the two pieces of evidence the magistrate found most significant in authorizing the search warrant. The attorney was aware that Beavers was adamant that the detective could not have smelled marijuana and was aware that Beavers' first attorney had prepared an affidavit for Briggs. The second attorney made an effort to contact Briggs, but his notes indicated he was unsuccessful in those efforts. The second attorney did not attempt to locate another expert and was unaware of any such expert at that time.

The State's third witness, an Idaho State Police detective who has investigated over one thousand marijuana cases and has encountered marijuana in all stages of growth, testified that marijuana plants have an odor before budding or flowering. The detective testified that the marijuana seized from Beavers' property would have an odor.

The State's fourth witness, a sergeant with the sheriff's office, testified he has been involved in hundreds of marijuana cases and that marijuana has an odor even when not flowering. The sergeant further testified that all grows have a strong odor.

The State's fifth and final witness was a Federal Bureau of Investigation (FBI) agent who was involved in the execution of the search warrant on Beavers' property. That witness testified that, during execution of the warrant, he smelled growing marijuana in the basement of Beavers'

9

house. The FBI agent also participated in removing the marijuana plants from Beavers' greenhouse where there was an "extreme" marijuana odor.

Based on the evidence presented and the foregoing factual findings, and the standards applicable to ineffective assistance of counsel claims, the district court denied relief on Claim 9(f). The district court concluded that Beavers' second attorney's performance at the *Franks* hearing was based on sound strategic decision making based upon adequate preparation and his knowledge of the law at that time. The attorney's approach was to discredit the investigating detective through cross-examination. With respect to counsel's decision not to present expert testimony, the district court found that the attorney "had not heard of any experts on the issue of the odor of marijuana at the time of Beavers' pretrial hearings." Moreover, the district court found that, even if counsel had called Briggs as a witness at the *Franks* hearing, Briggs' testimony at the post-conviction hearing revealed that Briggs is not an expert with respect to the odor of marijuana. Regarding prejudice, the district court noted that the judge who presided over the *Franks* hearing considered evidence regarding the odor of marijuana beyond the investigating detective's testimony that he personally smelled the odor of marijuana. The evidence included testimony regarding Beavers' neighbor's ability to smell marijuana and information obtained from the Drug Enforcement Agency. The district court, therefore, concluded that Beavers failed to establish either deficient performance or prejudice.

On appeal, Beavers does not challenge any of the district court's factual findings. Instead, Beavers argues that the district court erred because it did not make any express finding regarding whether Conrad (as opposed to Briggs) could have provided expert testimony at the *Franks* hearing or whether Beavers asked his second attorney to contact Conrad. Neither of these arguments demonstrates error by the district court. The district court expressly found that Beavers' second attorney made no attempt to locate an expert other than Briggs and "he did not know any experts regarding odor at that time." Implicit in this finding is a determination that the attorney was unaware of Conrad. If Beavers wanted the district court to make an express finding on a particular issue, he should have asked the district court to do so. *See* I.R.C.P. 52(c). The absence of an express finding on any particular point is insufficient to show the district court erred.

Beavers also argues that, "even if trial counsel subjectively did not know about other experts on marijuana odor like Mr. Conrad, under an objective standard, trial counsel should have known about such experts" and "should have sought to retain an expert witness on detecting the smell of marijuana." Beavers cites no authority to support the proposition that it was objectively unreasonable for counsel not to present expert testimony from an independent expert in the odor of marijuana. *See Murray*, 156 Idaho at 168-69, 321 P.3d at 718-19 (rejecting claim that counsel was deficient where petition failed to provide any authority that alleged deficiency fell below an objective standard of reasonableness). We agree with the district court's conclusion that Beavers failed to meet his burden of showing, by a preponderance of the evidence, that counsel's performance at the *Franks* hearing was deficient.

We also agree with the district court's conclusion that Beavers failed to show prejudice from counsel's failure to present competing expert testimony at the *Franks* hearing. Beavers' argument regarding prejudice is primarily based on notations in the trial court's *Franks* decision that Beavers did not call an expert witness at the *Franks* hearing and the absence of evidence contradicting the detective's testimony. Beavers contends that, had his second attorney presented testimony from Conrad, there is a "probability of a different result sufficient to undermine confidence in the outcome." We first note that this prejudice argument depends on a conclusion contrary to the one we have reached in relation to deficient performance. As explained, counsel's strategic decisions in relation to the *Franks* hearing were objectively reasonable. However, even assuming counsel was aware of Conrad and could have called him as a witness at the *Franks* hearing, Beavers did not establish prejudice because Conrad's proposed testimony would not have demonstrated that the detective's testimony regarding his own ability to smell marijuana, which was corroborated by other evidence, was false. The district court's factual findings regarding Conrad's testimony show that: (1) Conrad could explain that the odor of marijuana depends on the age of the plant, whether the plant was flowering, and the strain of the plant, which Conrad did not know, and (2) Conrad could have inspected Beavers' home and greenhouse so he could testify about the filtration system and whether the odor was detectable from the neighbor's property. This proposed testimony does not demonstrate that the detective lied about what he personally smelled prior to obtaining the search warrant and subsequently seizing the marijuana on Beavers' property.

For the foregoing reasons, the district court did not err in concluding that Beavers was not entitled to relief on Claim 9(f).

## IV.

## CONCLUSION

The district court did not abuse its discretion in denying Beavers' motion to amend, filed more than two years after he filed his initial petition and after the State filed three motions for summary dismissal. Because Beavers did not receive notice of the reasons for dismissal of one of his claims, the summary dismissal of that claim is reversed. The single ineffective assistance of counsel claim that was litigated at the evidentiary hearing was properly denied. Therefore, the judgment dismissing Beavers' petition for post-conviction relief is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.