80 P.3d 349

**STATE of Idaho, Plaintiff–Respondent,**

v.

**John S. CHEATHAM, Defendant–Appellant.**

**No. 28338.**

Court of Appeals of Idaho.

Nov. 12, 2003.

Frederick G. Loats, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

LANSING, Chief Judge.

This is an appeal from a judgment of conviction for possession of methamphetamine, resisting and obstructing officers, and possession of psilocybin, with a persistent violator sentence enhancement for the methamphetamine offense. In challenging the adjudication of guilt, John Cheatham contends that the jury was erroneously instructed on the elements of the possession crimes. We conclude that although the instructions were incorrect, the error was harmless. The more significant issue raised by this appeal is whether the district court erred by accepting defense counsel's stipulation that the persistent violator allegation was true, thereby subjecting Cheatham to a sentence enhancement. We conclude that defense counsel's stipulation, standing alone, was insufficient to waive Cheatham's right to a trial on the persistent violator allegation. Accordingly, we vacate the enhanced sentence and remand to the district court for resentencing after further proceedings to determine whether Cheatham is a persistent violator.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Cheatham was charged by information with a felony, possession of methamphetamine, Idaho Code § 37–2732(c)(1), and two misdemeanors, resisting and obstructing officers, I.C. § 18–705, and possession of psilocybin, I.C. 37–2732(c)(3). The information also alleged that he was subject to a persistent violator sentence enhancement pursuant to I.C. § 19–2514 because he had twice before been convicted of felonies. Cheatham was tried by jury on all of the charges except the persistent violator allegation. After the jury delivered a verdict finding Cheatham guilty of the charged crimes, Cheatham's attorney

stipulated to the truth of the persistent violator allegation. When the district court inquired, "Counsel, is there a stipulation as to Part II of the Information," defense counsel responded, "Judge, we'll admit that those allegations are true." Cheatham was present at the time of this stipulation, but did not speak to the court. The trial court did not ask Cheatham whether he voluntarily assented to the stipulation or understood its effect on his potential sentence.

Cheatham thereafter moved to dismiss the persistent violator charge on the ground that he did not personally admit to the truth of the allegation and no evidence had been presented supporting it. The district court denied the motion, reasoning that the persistent violator statute does not create a separate crime and therefore constitutional requirements for taking a guilty plea do not apply when a court accepts admission of a persistent violator allegation.

The district court imposed a unified ten-year sentence with two years determinate for the methamphetamine conviction, and concurrent one-year determinate sentences for the misdemeanors. The judgment makes no reference to the persistent violator statute, I.C. § 19–2514, but the sentence imposed for the methamphetamine conviction exceeds the otherwise applicable statutory maximum of seven years. *See* I.C. § 37–2732(c)(1).

## II.

## ANALYSIS

### A.  Absence of the Forensic Scientist's Testimony from Transcript on Appeal

■ As a preliminary matter, we must address the consequence of a deficiency in the record on appeal. When the transcript of Cheatham's trial was being prepared, it was found that part of the testimony of a forensic scientist who testified for the State could not be transcribed because the tape recording of her testimony was unintelligible. (Although Cheatham's trial was stenographically recorded by a court reporter, a different court reporter was appointed to prepare the transcript for appeal, and the original court reporter's stenographic notes were evidently unavailable or unusable by the new

reporter.) Cheatham argues that the unavailability of a transcript of this testimony deprives him of due process of law and mandates setting aside his conviction.

■ This deficiency in the trial transcript is regrettable but does not in this case justify relief from the judgment of conviction. Omissions from a trial transcript warrant a new trial only if the missing portion of the transcript specifically prejudices a defendant's appeal. *State v. Lovelace,* Docket No. 24373, 140 Idaho ——, 90 P.3d 278, 2003 WL 21697869 (July 23, 2003); *State v. Polson,* 92 Idaho 615, 620–21, 448 P.2d 229, 234–35 (1968). Cheatham does not contend that any error occurred during the untranscribed portion of the trial, and he claims no prejudice. Therefore, his assertion of a due process violation is without merit.

### B.  Jury Instructions

■ Cheatham argues that the jury was erroneously instructed as to the elements of the possession charges because the instructions allowed the jury to convict him based upon evidence that he possessed substances other than methamphetamine or psilocybin.

The challenged instructions stated:

Number 23. In order for the defendant to be guilty of Count I, possession of a controlled substance (methamphetamine), the State must prove each of the following: Number one, on or about the 23rd day of July, 2001, Number two, in the State of Idaho, Number three, the defendant, John Sam Cheatham, *Number four, possessed a controlled substance* and, Number five, the defendant knew it was methamphetamine or a controlled substance.

Number 25. In order for the defendant to be guilty of Count III, possession of a controlled substance (psilocybin), the State must prove each of the following: Number one, on or about the 23rd day of July, 2001, Number two, in the State of Idaho, Number three, the defendant John Sam Cheatham, *Number four, possessed a controlled substance,* and, Number five, the defendant knew it was psilocybin or a controlled substance.

**416**

(Emphasis added). Cheatham asserts that the italicized words are erroneous in that they required the jury to find only that Cheatham possessed some controlled substance, not the specific controlled substances charged in Counts I and III.

■ We agree that the instructions are not appropriately phrased and that element number four in each instruction should have referred to possession of the specific controlled substance alleged in that count of the information. Nevertheless, we do not deem this flaw in the instructions to constitute reversible error. When jury instructions are challenged on appeal, the appellate court examines the instructions as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Rozajewski,* 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct.App. 1997). To be reversible error, an instruction must mislead the jury or prejudice the defendant. *State v. Hanson,* 130 Idaho 842, 844, 949 P.2d 590, 592 (Ct.App.1997). Here, we are convinced that the flaws in the instructions were not misleading or prejudicial. Each of the challenged instructions began by naming the controlled substance that Cheatham was charged with possessing, and another instruction also informed the jury that he was charged specifically with possession of methamphetamine and possession of psilocybin. This was sufficient for the jury to understand that the controlled substance which it must find Cheatham to have possessed was methamphetamine in the one count, and psilocybin in the other. No reasonable juror viewing these instructions would have believed, as Cheatham contends, that Cheatham could be found guilty of possession· of methamphetamine if the only thing he actually possessed was psilocybin.

**C. Counsel's Stipulation to the Persistent Violator Charge**

■ Cheatham asserts that the persistent violator enhancement[1] of his sentence for possession of methamphetamine must be vacated because he neither pleaded guilty to nor received a trial on the enhancement allegation.

■ We begin with the recognition that under Idaho law, when a persistent violator enhancement is sought, the defendant is entitled to a jury trial on the State's allegations of previous felony convictions. *State v. Dunn,* 44 Idaho 636, 640, 258 P. 553 (1927). "Where it is sought to punish a defendant in a felony case as a persistent violator of law, the former convictions relied on must be alleged in the indictment or information and proved at the trial and the identity of the defendant as the person formerly convicted must be established beyond a reasonable doubt." *State v. Lovejoy,* 60 Idaho 632, 637, 95 P.2d 132, 134 (1939).[2] A stipulation to the truth of the persistent violator allegation amounts to a waiver of this right to require that the State prove the prior convictions to a jury and of the right to rebut the State's evidence. Such a waiver, Cheatham argues, is the functional equivalent of a guilty plea and therefore can be effectuated only by the defendant personally, subject to the standards established in *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969), to assure that a guilty plea is knowing, intelligent and voluntary.

This issue is one of first impression in this State and has not been widely addressed in other jurisdictions. Those jurisdictions that have considered the question appear to be nearly uniform in requiring more than a

1. The persistent violator enhancement statute, I.C. § 19–2514, provides:

   Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to a term in the custody of the State Board of Correction which term shall be for not less than five (5) years and said term may extend to life.

2. The State's proof of a defendant's prior convictions is to be presented to the jury after the jury has returned a verdict finding the defendant guilty of the new charges. *State v. Johnson,* 86 Idaho 51, 383 P.2d 326 (1963); *State v. Smith,* 116 Idaho 553, 559, 777 P.2d 1226, 1232 (Ct. App.1989). *See also State v. Wiggins,* 96 Idaho 766, 536 P.2d 1116 (1975) (dealing with the analogous circumstance of enhancement of a driving under the influence offense from a misdemeanor to a felony due to prior DUI convictions).

mere stipulation by defense counsel to waive a defendant's right to a trial on a persistent violator allegation. Some states have required by statute or court rule that trial courts ascertain personally from the defendant whether the defendant knowingly and voluntarily admits the prior convictions. *See, e.g.,* Ariz. Rules Crim. Proc., Rule 17.6 (mandating that same procedures used for guilty pleas must be followed for admissions of prior convictions); North Carolina General Statutes § 14–7.5 (1999) (providing that proceedings to determine whether a defendant is a habitual felon "shall be as if the issue of habitual felon were a principal charge.") Other jurisdictions have reached the same result by judicial decision. In *State v. Brady*, 442 N.W.2d 57 (Iowa 1989), the Iowa Supreme Court held that a defendant's admission of prior felony convictions, which provided the predicate for sentencing as a habitual offender is so closely analogous to a guilty plea that the criminal rule governing guilty pleas should be followed.

■■■ Several federal courts of appeal have held that, where the law of the prosecuting jurisdiction affords a defendant the right to a trial on recidivist allegations,[3] a trial court may not dispense with such a trial without taking steps to ensure that the defendant himself is knowingly and voluntarily admitting the prior convictions with an understanding that he will thereby be subject to enhanced penalties. In *Wright v. Craven*, 461 F.2d 1109 (9th Cir.1972), a habeas corpus action challenging a California conviction, the Ninth Circuit Court of Appeals addressed this issue in a brief, per curiam opinion that adopted the opinion of the United States District Court, *Wright v. Craven*, 325 F.Supp. 1253 (1971). The indictment in that case recited six prior convictions but did not allege that the defendant was a habitual offender. The defendant admitted the prior convictions, after which a jury found him guilty of the principal offenses. At sentencing, the defendant was notified for the first time that his sentence would be enhanced to life imprisonment because of his status as a habitual offender. The federal district court granted the defendant's petition for habeas corpus, holding that "an admission of prior convictions in the context of California's habitual criminality statute is the functional equivalent of a plea of guilty to an independent criminal charge." *Wright*, 325 F.Supp. at 1257. Therefore, the court held, the admission of prior convictions, in order to be effective, must be a "knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Id.* The court stated in dicta that it would have required the *Boykin* procedure to be followed had this plea taken place after *Boykin*, but because *Boykin* was not retroactive, the court applied only pre-*Boykin* standards.

The Ninth Circuit touched upon this issue again in *Adams v. Peterson*, 968 F.2d 835 (9th Cir.1992), where the defendant's state conviction arose from a court trial on stipulated facts. The Ninth Circuit held that although the federal constitution does not mandate a *Boykin* examination when the defendant enters into a stipulation for a trial on stipulated facts, the conviction would satisfy due process standards only if the defendant knowingly and voluntarily agreed to the stipulation. In dicta, the court also construed *Wright* to require only that a trial court determine whether a defendant knowingly and voluntarily agreed to the stipulation regarding prior convictions, without a need for full *Boykin* procedures. *Adams*, 968 F.2d at 841 n. 4. It appears, therefore, that *Adams* limited *Wright* by eliminating the requirement that all *Boykin* procedures be observed before a defendant's admission of prior convictions can be accepted.

**3.** Federal law does not confer a right to a jury trial on a recidivist sentence enhancement. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2363, 147 L.Ed.2d 435, 454 (2000) (holding that *"[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). *See also Almenda-*

*rez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (indicating that, where a federal statute authorized a lengthier prison term for an alien returning after a deportation if the deportation was subsequent to a conviction for an aggravated felony, the prior conviction was not an element of the offense and need not be proved to the jury).

In *Cox v. Hutto*, 589 F.2d 394 (8th Cir. 1979), defense counsel stipulated to four prior convictions, which subjected Cox to enhanced punishment under the Arkansas habitual criminal statute. The trial court did not inquire whether Cox agreed to the stipulation. At a later hearing, Cox testified that he had no prior knowledge that his counsel would present the stipulation and that he did not consent to it. The Eighth Circuit held that the stipulation was not a valid waiver of Cox's rights under state law to a trial on the enhancement allegations. As with a plea of guilty, the court noted, after the stipulation "nothing remains but to give judgment and determine the punishment." *Cox*, 589 F.2d at 396. The court concluded that "the stipulation was the functional equivalent of a guilty plea," and the "admission into evidence of the stipulation, without inquiry into Cox's knowledge and consent, amounted to constitutional error." *Id.*

In *Government of the Virgin Islands v. George*, 741 F.2d 643 (3rd Cir.1984), the Third Circuit likewise held that before a defendant who is charged under a habitual criminal statute is asked to admit to previous convictions, the trial court must personally address the defendant to determine that the defendant understands consequences and makes the admission voluntarily.

Finally, in *Johnson v. Cowley*, 40 F.3d 341 (10th Cir.1994), the court held that when counsel stipulates to the fact of a prior conviction in an enhancement proceeding, the trial court must determine whether the defendant agreed to the stipulation, although such a stipulation is not the functional equivalent of a guilty plea and therefore the trial court need not make an inquiry to determine whether the defendant makes the stipulation voluntarily and with full knowledge of the consequences.

This Court has found no case holding that a stipulation by defense counsel is alone sufficient to entirely waive a defendant's right to a trial on his status as a persistent violator.

In a California case, *People v. Collom*, 16 Cal.App.3d 925, 94 Cal.Rptr. 307, 310 (1971), it was held that the trial court did not err by allowing defense counsel to stipulate to the fact of an out-of-state conviction and contest only the legal effect of the conviction. In that case, however, defense counsel did not entirely concede the defendant's status as a recidivist because the legal effect of the prior convictions was still contested.[4]

We are persuaded that due process principles preclude the acceptance of a stipulation to the truth of persistent violator allegations without judicial inquiry to determine that the defendant makes the admission voluntarily and with an understanding of the consequences. Under Idaho law, the detriment from being found a persistent violator is dramatic. Idaho Code § 19–2514 mandates that a persistent violator be sentenced to not less than five years' imprisonment and authorizes up to life imprisonment, regardless of the maximum sentence otherwise fixed by statute for the new offense. The defendant may be subject to a sentence "many times as great as that prescribed by statute for the offense." *Lovejoy*, 60 Idaho at 638, 95 P.2d at 134. A waiver of the right to trial on a recidivist charge therefore ought not be treated lightly. Although we do not deem a full *Boykin* litany to be necessary, we hold that a stipulation to the truth of a persistent violator allegation will be valid only if the record shows that the defendant entered into the stipulation voluntarily in the sense that the defendant was not coerced, and knowingly in the sense that the defendant understands the potential sentencing consequences.

Here, the waiver of Cheatham's right to a trial on the persistent violator allegations was accepted solely upon defense counsel's stipulation, and the record is insufficient to show a knowing and voluntary waiver by Cheatham. It is therefore necessary to vacate his sentence for possession of metham-

**4.** More recently, a California appellate court held that defense counsel's waiver of the defendant's right to a jury trial on the recidivism allegations, allowing a court trial on the issue rather than a jury trial, was valid and that due process did not require the defendant's express consent. *People*

*v. Thomas*, 91 Cal.App.4th 212, 110 Cal.Rptr.2d 571 (2001). Because *Thomas* addresses only the waiver of a jury, not the complete waiver of any trial, it gives little illumination to the issue before us.

phetamine and to remand for the district court to readdress the persistent violator allegation, including conducting a trial on that allegation if necessary, and for subsequent resentencing on the methamphetamine offense.

## III.

### CONCLUSION

Because Cheatham has shown no reversible error in the jury instructions, his convictions are affirmed. His sentence for possession of methamphetamine, however, is vacated, and the matter is remanded to the district court for resentencing on that charge following a trial or other proper disposition of the persistent violator allegations.

Judge GUTIERREZ, and Judge Pro Tem STICKLEN concur.