IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 39146/39147/39783

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 408 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS EDWARD PETERSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge. Hon. Patrick H. Owen, District Judge.

Orders of the district court revoking probation without sentence reduction, affirmed; orders of the district court denying Idaho Criminal Rule 35 motions, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Thomas Edward Peterson appeals in Docket Nos. 39146 and 39147 from the orders revoking probation and executing the sentences imposed upon his conviction for felony violation of a no contact order, Idaho Code § 18-920. Peterson also appeals from the district courts' orders denying his Idaho Criminal Rule 35 motions for reduction of sentence in Docket Nos. 39146, 39147, and 39783. We affirm.

## I.

## FACTS AND PROCEDURE

Peterson was convicted in 2007 of domestic assault and three misdemeanor no contact violations. He was placed on supervised probation and ordered to have no contact with the victim, except by telephone. In 2008, the State charged Peterson, in Docket No. 39146, with

1

felony violation of the no contact order. He pled guilty to the charge and the district court imposed a unified term of five years with three years determinate and retained jurisdiction. At the conclusion of the retained jurisdiction period, the district court suspended Peterson's sentence and placed him on probation for five years.

In November 2009, the State filed a motion for probation violation, alleging Peterson violated his probation officer's directive to have no contact with the victim. Peterson admitted the allegation and the district court continued his probation. The district court also issued a written no contact order, providing that Peterson could only contact the victim by telephone.

In June 2010, the State charged Peterson in Docket No. 39147 with felony violation of the no contact order. Peterson pled guilty to the charge and the district court imposed a unified term of five years with one and one-half years determinate, to run concurrently with his sentence in Docket No. 39146. The district court suspended the sentence and placed him on probation for five years. The State also filed a motion for probation violation in Docket No. 39146. Peterson admitted the violation and the district court continued his probation. The district court also ordered that Peterson have no contact with the victim, including telephone contact, until October 2015.

In December 2010, the victim reported to police officers that Peterson had repeatedly called her and repeatedly sent her text messages. Pursuant to a search warrant, officers obtained Peterson's telephone records and discovered that Peterson called the victim 1,368 times and sent her 1,899 text messages in the period subsequent to June 2010. The State charged Peterson, in Docket No. 39783, with felony violation of a no contact order. The State also moved to revoke Peterson's probation in Docket Nos. 39146 and 39147. Pursuant to a plea agreement, Peterson pled guilty to the no contact order violation and admitted to having violated his probation. The district court revoked Peterson's probation and ordered his underlying sentences executed. In Docket No. 39783, the district court imposed a unified term of five years with one and one-half years determinate, to run consecutive to his sentences in Docket Nos. 39146 and 39147.

Peterson filed Rule 35 motions for reduction of sentences in all three cases. The district court denied all the motions. Peterson timely appeals.

## ANALYSIS

Peterson claims that: (1) the district court failed to maintain an accurate copy of the record, causing his rights of due process to be violated; (2) the district court abused its discretion by revoking probation in Docket Nos. 39146 and 39147 or, alternatively, failing to sua sponte reduce his sentences; and (3) the district court abused its discretion by denying his Rule 35 motions.

### A.     Due Process

Telephone records between Peterson and the victim were not included in the appellate record. Peterson filed a motion to augment the record with the telephone records, but his motion was denied. In denying the motion, the Idaho Supreme Court stated, "this Court has been advised by the district court that there are no records of the defendant's telephone and texting communications." A defendant in a criminal case has a due process right to a "record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below." *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012) (quoting *State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002)). The defendant must show that any omissions from the record prejudice his ability to pursue his appeal. *See State v. Polson*, 92 Idaho 615, 620-21, 448 P.2d 229, 234-35 (1968); *State v. Cheatham*, 139 Idaho 413, 415, 80 P.3d 349, 351 (Ct. App. 2003).

Peterson claims he was deprived an adequate record on appeal because the district court failed to maintain a copy of telephone records it relied on in pronouncing Peterson's sentence in Docket No. 39783. Peterson contends that the lack of telephone records in his appellate record prejudiced him because he was not able to establish that the district court used the telephone records "in aggravation, or at least to negate Mr. Peterson's contention that [the victim] had been initiating many of the contacts."[1] The State contends that the district court did not have the telephone records during sentencing, but instead relied on "police report materials" contained in the presentence investigation report (PSI) that summarized the investigation of the telephone

---

[1]     Peterson asserts that the appropriate remedy for his claim is "an order for his release unless the State pursues a new sentencing hearing and a new disposition hearing before a different judge."

records by the police. Further, the State also contends that even if the telephone records were relied on by the district court at sentencing, Peterson failed to show how their absence on appeal is prejudicial.

At Peterson's sentencing hearing in Docket No. 39783, the district court made the following statements regarding the telephone records:

> And in the course of that investigation, according to the *police report materials*, they obtained a search warrant for the phone records from your victim. Those phone records show that between June 2010 and January 2011, they were able to document some 1,368 phone calls from you to the victim, in violation of your no contact order.
> Those phone records also indicated that on that same date--between those same dates, they were able to document 1,899 text messages between you and the victim of the no contact order. Those *materials* are within the presentence materials that I've reviewed, sir.

(emphasis added). It appears from this statement that the district court relied on the police report materials in the PSI to show the amount of telephone calls and text messages between Peterson and the victim. The PSI is part of the record on appeal. Peterson admitted to numerous telephone and text communications. It was only the actual number of such communications that the court referenced. That number was supplied by the police report. It is more than highly unlikely that the court itself counted them. Therefore, Peterson's claim that the record is inadequate fails.[2]

Even assuming that the district court did rely on the actual telephone records, Peterson has failed to show how the absence of the records prejudices him on appeal. Peterson contends that without the telephone records, he is unable to prove that the district court erred in its pronouncement of his sentence by not considering the mitigating factor that the victim was the one initiating contact with him. However, the record demonstrates that the district court did consider this mitigating factor. The district court stated:

---

[2]     Peterson argues that the telephone records were admitted as an exhibit in a preliminary hearing for Docket No. 39783, thus showing that the telephone records were part of the record below. Since the telephone records were admitted as an exhibit in the preliminary hearing, Peterson argues that the district court must have been referring to and relying on the actual telephone records during the sentencing hearing. The fact that actual records were included in the prior proceeding does not show that they were attached to the PSI or were in the hands of the court at sentencing.

This victim, at least presently, wants to have contact with you. The contact in this case was mutual and encouraged and, in some instances, instigated by the victim.

. . . .

I've taken, also, into account the degree of complicity of your victim. These contacts were welcomed by your victim and they went both ways.

The district court was aware that the victim instigated some of the contact with Peterson. The record on appeal demonstrates that the district court considered the victim's involvement when pronouncing its sentence. Therefore, Peterson has not shown prejudice by the absence of telephone records in his appellate record.

## B.    Revocation of Probation

In *State v. Chavez*, 134 Idaho 308, 1 P.3d 809 (Ct. App. 2000), we stated:

Idaho Code § 20-222 authorizes the revocation of probation at any time if the probationer violates any condition of the probation. Hence, once a violation has been found, the district court must determine whether it is of such seriousness as to warrant revoking the probation. [*State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989).] In making this discretionary decision, the trial court must examine whether the probation is achieving the goal of rehabilitation and whether continuation of the probation is consistent with the protection of society. [*State v. Jones*, 123 Idaho 315, 318, 847 P.2d 1176, 1179 (Ct. App. 1993)]; *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). The trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. *State v. Beckett*, 122 Idaho 324, 325-26, 834 P.2d 326, 327-28 (Ct. App. 1992); *State v. Corder*, 115 Idaho 1137, 1138, 772 P.2d 1231, 1232 (Ct. App. 1989).

*Chavez*, 134 Idaho at 312, 1 P.3d at 813. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In the instant case, Peterson claims that the district court's decision to revoke his probation was an abuse of discretion because the district court did not sufficiently consider the following: (1) Peterson's mental health condition; (2) Peterson's acknowledgment of guilt; (3) the victim's instigation and willing participation in the contacts; (4) Peterson's support network; and (5) Peterson's satisfactory performance in all other regards to his probation.

The record demonstrates that the district court considered Peterson's mental health condition and his acknowledgment of guilt. The district court also heard testimony regarding the victim's involvement in the contacts, the support Peterson has received from his employer, and his potential to be successful in mental health court. Additionally, the district court considered other "mitigating and aggravating factors and the objectives of protecting society and achieving deterrence, rehabilitation, and retribution or punishment." Further, the district court noted that Peterson had previous opportunities to successfully complete probation but had failed. The district court also noted that a condition of probation in Docket Nos. 39146 and 39147 stated: "The defendant has had prior opportunities for probation. The defendant is advised that this is his final opportunity at probation." In all, Peterson has committed four probation violations relating to Docket Nos. 39146 and 39147, and has committed seven violations of the no contact order. From this, the district court concluded that probation should be revoked. We find no abuse of discretion.[3]

## C. Rule 35 Motions

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

---

[3] Alternatively, Peterson contends that the district court abused its discretion when it failed to sua sponte reduce Peterson's sentences pursuant to Rule 35. Rule 35 provides that "[t]he court may also reduce a sentence upon revocation of probation. . . ." In conducting our review, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). For the reasons set forth above, we determine that the district court did not abuse its discretion when it executed Peterson's sentence without reduction.

In Docket Nos. 39146 and 39147, Peterson filed a Rule 35 motion with the district court and provided the court with additional information that was not available to the court at the time of his sentencing. This information included documentation indicating that Peterson had participated in and graduated from a number of different programs, including "A New Direction" and the "F.A.T.H.E.R.S." parenting program. The district court denied the motion, finding that Peterson had numerous opportunities to reform his behavior and that his sentence would ensure that he "will not cause any harm to society and deter him in the future from flouting the law." Based upon our review of the record and the new information provided to the district court, we cannot say that the district court abused its discretion in denying Peterson's Rule 35 motion in Docket Nos. 39146 and 39147.

In Docket No. 39783, Peterson filed a Rule 35 motion with the district court and provided the court with a letter reminding the court that the violative contact with the victim was mutual. Peterson provided no new or additional information to the district court. The maximum sentence for felony violation of a no contact order, pursuant to I.C. § 18-920, is five years imprisonment. The district court considered the objectives of sentencing and considered Peterson's past disregard of court orders when making its determination. The district court properly sentenced Peterson within the appropriate statutory limits. Therefore, we determine the district court did not abuse its discretion when it denied Peterson's Rule 35 motion in Docket No. 39783.

## III.

## CONCLUSION

Peterson has failed to show that his rights of due process were violated. Additionally, the district courts did not abuse their discretion in revoking Peterson's probation without sentence reduction and in denying his Rule 35 motions. Therefore, the district courts' orders revoking probation and ordering execution of his sentences without modification and denying Peterson's Rule 35 motions are affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**