**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40113**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 774 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 5, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JESSE STEPHEN BARBER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction for felony domestic battery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

WALTERS, Judge Pro Tem

Jesse Stephen Barber appeals from his judgment of conviction for felony domestic battery. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Following a physical altercation between Barber and his girlfriend, the state charged Barber with felony domestic battery. I.C. § 18-918(2)(a). In the alternative, the state charged misdemeanor domestic battery. I.C. § 18-918(3)(b). Predicated upon two prior domestic violence convictions, the state also alleged a felony enhancement to the misdemeanor battery charge. I.C. § 18-918(3)(c). Barber pled not guilty and proceeded to trial.

At trial, Barber was represented by counsel up until the state rested. Barber then fired his attorney and decided to proceed pro se, with his previous attorney acting as stand-by counsel. A jury found Barber guilty of misdemeanor domestic battery. The district court then instructed the

1

jury on the second part of the trial regarding the enhancement, at which time Barber interrupted the district court and indicated he desired to stipulate to the prior convictions. Based on the stipulation, the district court found that there were two prior convictions and that the instant domestic battery charge was enhanced to a felony.[1] Barber appeals from his judgment of conviction for felony domestic battery.

## II.

## ANALYSIS

### A. Sufficiency of the Evidence

Barber argues that the evidence was insufficient to demonstrate two separate and distinct prior convictions for domestic battery. Specifically, Barber contends that, because the judgments of conviction were entered the same day, they only constituted one prior conviction. The state argues that Barber waived this claim by stipulating to the two prior convictions.

It is unnecessary to address the issue of whether two prior convictions entered on the same date constitute separate and distinct convictions for purposes of the domestic battery felony enhancement provided for in I.C. § 18-918(3)(c) because Barber waived his right to require that the state prove these prior convictions when he stipulated he had two prior convictions for domestic battery. Generally, where a defendant pleads guilty, he or she admits the crime and waives his or her right to require the state to prove the charges at trial. *State v. Gallipeau,* 128 Idaho 1, 6, 909 P.2d 619, 624 (Ct. App. 1994). Similarly, a stipulation to the truth of a persistent violator allegation amounts to a waiver of this right to require that the state prove the prior convictions to a jury and of the right to rebut the state's evidence. *State v. Cheatham,* 139 Idaho 413, 416, 80 P.3d 349, 352 (Ct. App. 2003); *see also State v. Wilhelm,* 135 Idaho 111, 117-18, 15 P.3d 824, 830-31 (Ct. App. 2000) (where a defendant admits a persistent violator allegation, the state is relieved of its burden of proof). This analysis is equally applicable with respect to a domestic battery enhancement pursuant to I.C. § 18-918(3)(c).

At trial, a jury found Barber guilty of misdemeanor domestic battery. As the state began to present its case on the enhancement, Barber interjected and indicated he wanted to stipulate

---

[1]     The district court imposed a unified sentence of five years, with a minimum period of confinement of two years. Barber filed an I.C.R. 35 motion to reduce his sentence, and the district court granted the motion, retaining jurisdiction for one year.

that he had two prior domestic battery convictions within the past fifteen years. This stipulation relieved the state of its burden of proving the two prior convictions. It is of no consequence that the state nevertheless entered the prior judgments into evidence. This was unnecessary with respect to the district court's finding that Barber had two prior domestic battery convictions. Accordingly, Barber's stipulation precludes him from challenging the sufficiency of the evidence on appeal.

**B.      Right to Jury Trial**

Barber argues that he was deprived of his constitutional right to a jury trial when the district court found the sentencing enhancement in the absence of a knowing, intelligent, and voluntary waiver of the right to a jury trial on the enhancement. The state argues that Barber has failed to demonstrate error, much less fundamental error, resulting from the district court's acceptance of his stipulation to the felony enhancement.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Barber's argument that the stipulation was invalid and violated an unwaived constitutional right relies heavily on the analysis set forth in *Cheatham*, pertaining to stipulation to a persistent violator enhancement. In *Cheatham*, this Court stated that a stipulation to the truth of a persistent violator allegation will be valid only if the record shows that the defendant entered into the stipulation voluntarily (the defendant was not coerced) and knowingly (the defendant understood the potential sentencing consequences). *Cheatham*, 139 Idaho at 418, 80 P.3d at 354. However, this Court also indicated that a full litany under *Boykin v. Alabama*, 395 U.S. 238

3

(1969)[2] is not necessary. We agree, for purposes of this appeal, that this analysis from *Cheatham* is equally applicable in this situation involving a stipulation to a domestic battery enhancement.

In this case, the record indicates that Barber's stipulation was not coerced and was voluntary. The stipulation in open court was entered into by Barber personally and not through counsel, as was the case in *Cheatham*. The record also indicates that Barber was informed of the potential sentencing consequences and Barber's stipulation was made knowingly. When the state started to present evidence on the enhancement, Barber interjected on his own without any prompting, indicating to the district court he was not denying that he had two prior convictions. Barber also indicated that he would be willing to stipulate to that fact rather than having the state present evidence. The record does not support Barber's contention that the stipulation was involuntary.

Also, prior to Barber's interjection indicating his willingness to admit the two prior convictions, the district court made the following statement:

> Ladies and gentlemen of the jury, this raises an additional issue with the verdict, so we're not quite finished yet. I need to read an additional portion of the Information which has been filed in this case. As I previously indicated to you, the alternative charge was domestic battery without a traumatic injury. *Part II of that charge makes that charge a felony depending upon prior convictions.*
>
> There's an allegation, Count I, Part II, as to domestic battery without a traumatic injury that Defendant, Jesse Stephen Barber, has pleaded guilty or was found guilty on two other violations of Idaho Code Section 18-918(3) within the past 15 years, to wit: Bonneville County Case Number CR-10-8164 and Bonneville County Case Number CR-10-9228. So that is still an issue, at least for now, which requires us to reopen the cases, take evidence on those alleged prior convictions.

(Emphasis added.) This statement indicated that an admission of the prior convictions would enhance the domestic battery conviction to a felony. Furthermore, the record shows that, at Barber's arraignment, the district court advised him that the maximum penalty, if convicted on the enhancement, was up to five years in prison and/or a $5,000 fine. Moreover, the district court minutes from Barber's arraignment establish Barber received a copy of the complaint, which read as follows:

---

[2] *Boykin* addressed the warnings which must be afforded to a defendant before accepting a guilty plea.

4

COUNT I, PART II
FELONY STATUS, I.C. § 18-918(3)(c)

The Defendant, JESSE STEPHEN BARBER, has plead guilty or was found guilty on two (2) other violations of Idaho Code 18-918(3), within the past fifteen (15) years, to wit: Bonneville County case numbers CR-10-8164 and CR-10-9228. *(5 years, $5,000.00 fine, and restitution.)*

This demonstrates Barber was informed of the potential sentencing consequences of the felony enhancement for domestic battery. Barber having been provided the complaint at his arraignment hearing, it was not essential that he be contemporaneously advised of these consequences during trial. *See State v. Carrasco,* 117 Idaho 295, 301, 787 P.2d 281, 287 (1990) (holding a trial court is not required to engage in a dialogue reminding the defendant of his rights at the time of entry of a guilty plea).

While Barber contends the district court should have explained his right to a jury and the effect the stipulation would have, the totality of the record demonstrates this was not required. After Barber indicated his desire to stipulate to the prior convictions, the district court further inquired whether he desired that the state be required to put on evidence. Barber forewent this option and confirmed he would stipulate. Further, it is apparent that Barber understood he had a right to a jury trial, as at the time he stipulated he was in the midst of one. Finally, when the judge dismissed the jury following the stipulation, Barber did not object. After Barber stipulated to the two prior convictions, there was nothing left for the jury to decide. Thus, Barber effectively waived jury determination on the issue of prior convictions. Therefore, in light of the circumstances in this case, Barber has failed to establish error, a necessary predicate to appellate review as a fundamental error.

## III.

## CONCLUSION

Because Barber stipulated to having two prior convictions for domestic battery, he is precluded from challenging the sufficiency of the evidence on appeal. Also, the record demonstrates that the stipulation was made voluntarily and knowingly and Barber was not denied his right to a jury trial. Accordingly, Barber's judgment of conviction for felony domestic battery is affirmed.

Judge LANSING and Judge GRATTON, **CONCUR.**