**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45271**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 12, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) |
| ROBERT RAY FERGUSON, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Judgment of conviction for aggravated battery with deadly weapon and persistent violator enhancements, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Robert Ray Ferguson appeals from his judgment of conviction for aggravated battery with deadly weapon and persistent violator enhancements. Ferguson asserts that the district court committed fundamental error by failing to inquire into his understanding of the consequences of the persistent violator enhancement before accepting his admissions to the two prior felony convictions that formed the basis of the enhancement. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Ferguson by information with aggravated battery with an enhancement for use of a deadly weapon during the commission of a crime. The State requested leave to file

1

an information part two in order to allege a persistent violator enhancement based on two prior felony convictions. The district court granted the State's request and Ferguson was arraigned on the persistent violator allegation. As part of the arraignment, the district court advised Ferguson that, if he was found guilty of being a persistent violator, his sentence could be increased by a minimum of five years up to life. At the subsequent trial, a jury found Ferguson guilty of aggravated battery and the deadly weapon enhancement. Following the jury verdict, Ferguson admitted the two prior felony convictions underlying the persistent violator enhancement. Based on Ferguson's admissions, the district court found Ferguson guilty of being a persistent violator. The district court imposed a unified life sentence, with a minimum period of confinement of fifteen years. Ferguson appeals.

## II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

## III.

## ANALYSIS

For the first time on appeal, Ferguson asserts that when he admitted the prior felony convictions underlying the persistent violator enhancement, the district court committed fundamental error by failing to inquire into his understanding of the consequences of his admissions. Ferguson argues that the error is fundamental because: (1) the district court's

failure to inquire into his understanding of the consequences of his admissions to the persistent violator allegations violated his constitutional right to due process under *State v. Cheatham*, 139 Idaho 413, 80 P.3d 349 (Ct. App. 2003); (2) the error plainly exists because the district court did not inquire into his understanding of the consequences and there is no indication in the record that counsel made a "tactical decision to have the district court fail to inquire"; and (3) the error was not harmless since he would not have been subject to a life sentence without the persistent violator enhancement. Ferguson has failed to meet his burden of showing fundamental error in this case.

The first prong of *Perry* requires Ferguson to establish violation of an unwaived constitutional right. Ferguson contends that due process required the district court to ensure that his admissions to the persistent violator allegations were voluntary and knowing. Ferguson argues that his due process right was violated because the district court did not "ensure that he understood the consequences of his admissions." The State contends that the record shows Ferguson's admissions to the persistent violator allegations were voluntary and made with an understanding of the potential consequences because the consequences were explained to Ferguson two weeks prior to his admissions when he was arraigned on the persistent violator enhancement. Although Ferguson concedes that this Court should consider the entire record in determining whether he understood the consequences of his admissions, including what occurred at the arraignment, he argues that the district court's failure to inquire at the time of his admissions along with "other relevant surrounding circumstances" "indicate" that he "did not understand the potential consequences at the time of the admissions." The "other relevant surrounding circumstances" Ferguson cites are that he was emotional at the time of the verdict and that the district court did not advise him that he had the right to testify. Ferguson has failed to meet his burden of showing a violation of an unwaived constitutional right.

In *Cheatham*, 139 Idaho at 418, 80 P.3d at 354, this Court held that a stipulation to the truth of a persistent violator allegation will be valid only if the record shows that the defendant entered into the stipulation voluntarily in the sense that the defendant was not coerced and knowingly in the sense that the defendant understands the potential sentencing consequences. In *Cheatham*, the persistent violator allegations were based solely on counsel's stipulation, and the record was insufficient to show the defendant knowingly and voluntarily waived his right to trial

3

on the enhancement. *Id*. Unlike *Cheatham*, the record in this case shows that, when Ferguson was arraigned on the persistent violator enhancement, the district court advised: "If you are found to be a persistent violator of the law, any sentence that would be imposed on your felony in this case can be increased by a minimum of five years, all the way up to life." When asked if he had any questions about how the enhancement worked, Ferguson indicated that he did not. Nothing in the colloquy or circumstances surrounding Ferguson's subsequent admissions to the persistent violator allegations shows Ferguson's admissions were not voluntary or that he no longer understood the consequences of admitting the allegations. While Ferguson may have been emotional at the time, this does not support a conclusion that he lacked understanding. Further, the absence of an express statement by the court that Ferguson's admissions would constitute a waiver of Ferguson's right to testify does not demonstrate a lack of understanding by Ferguson as to the consequences of his admissions either in terms of sentencing or in terms of the waiver of his right to a jury trial. As noted, the district court previously explained the sentencing consequences to Ferguson. With respect to the consequent jury trial waiver, Ferguson's admissions were preceded with the district court advising him that the jury was waiting and that, if he wanted the State to prove the enhancement, it was "not a problem" to bring the jury back in for that purpose. Ferguson expressly declined to have the jury return. Ferguson has failed to show any violation of an unwaived constitutional right based on the district court's acceptance of his admissions to the persistent violator enhancement.

Ferguson's claim also fails under prong two of the *Perry* analysis because the error does not plainly exist. As noted, the record shows that Ferguson was advised of the sentencing consequences of admitting the persistent violator allegations and was aware that he was foregoing his right to a jury trial by entering those admissions. *See State v. Carrasco*, 117 Idaho 295, 300, 787 P.2d 281, 286 (1990) (recognizing that the voluntariness of a guilty plea and waiver of rights may be shown from the record as a whole, including reasonable inferences drawn therefrom). Ferguson has failed to show the alleged due process violation is clear or obvious without the need for additional information not included in the record. *See Perry*, 150 Idaho at 226, 245 P.3d at 978.

4

Because Ferguson has failed to meet his burden under the first two prongs of *Perry*, we need not address the third prong. Ferguson has failed to establish he is entitled to relief under the fundamental error standard of review.

## IV.

## CONCLUSION

Because Ferguson failed to demonstrate a clear violation of an unwaived constitutional right in relation to the district court's acceptance of his admissions to the persistent violator allegations, Ferguson's fundamental error claim fails. Therefore, Ferguson's judgment of conviction for aggravated battery with deadly weapon and persistent violator enhancements is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.